# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JOHNNY A. RUCKER,                                                                                    PETITIONER
ADC #102096

v.                                             4:11-cv-00405-JMM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>500 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

### I. BACKGROUND

Mr. Rucker was convicted by a jury of capital murder and sentenced to life imprisonment without parole.[1] He appealed and the Arkansas Supreme Court affirmed his conviction on May 30, 1995.[2] Mr. Rucker then filed a Rule 37 motion pursuant to the Arkansas Rules of Criminal Procedure.[3] After a hearing and consideration of post-hearing briefs, the circuit court denied the Rule 37 motion.[4] Mr. Rucker appealed this denial and the Arkansas Supreme Court affirmed on January 15, 1998.[5]

On January 15, 1999, Mr. Rucker filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court.[6] He argued that (1) he was denied due process and a fair trial given

---

[1] *Rucker v. Norris*, No. 5:99CV00025, Doc. No. 21 at 2 (E.D. Ark. 1999).

[2] *Rucker v. State*, 320 Ark. 643, 651, 899 S.W.2d 447, 451 (1995).

[3] *Rucker v. Norris*, No. 5:99CV00025, Doc. No. 21 at 2-3 (E.D. Ark. 1999).

[4] *Id.* at 3.

[5] *Id.*

[6] *Rucker v. Norris*, No. 5:99CV00025 (E.D. Ark. 1999).

the circuit court's failure to instruct the jury that it should determine the weight and credibility afforded a confession; and (2) he received ineffective assistance of counsel when his counsel failed to request such an instruction.[7]

While the habeas case was pending, Mr. Rucker filed a motion pursuant to Arkansas Act 1780 of 2001 in Clark County Circuit Court, requesting testing on fingerprint evidence introduced during his trial. *Id.* at Doc. No. 25. This Court then dismissed Mr. Rucker's habeas petition without prejudice on October 30, 1999, so he could first pursue the action in the Clark County Circuit Court. *Id.*

On October 26, 2001, the Clark County Circuit Court denied Mr. Rucker's Act 1780 motion without a hearing.[8] Mr. Rucker appealed, and the Arkansas Supreme Court reversed and remanded on June 10, 2004, for the Circuit Court to hold a hearing. *Id.* On January 24, 2005, the Clark County Circuit Court held a hearing and then denied Mr. Rucker's motion. The Arkansas Supreme Court affirmed on March 16, 2006. *Id.*

On March 13, 2007, Mr. Rucker filed another 28 U.S.C. § 2254 petition with this Court and alleged the following:

> 1.   His statement to police was not shown to be voluntary or true by a preponderance of the evidence, and the state courts and defense counsel's actions limited his ability to argue the voluntariness and validity of the statement to the jury;
>
> 2.   Petitioner has a due process right and right to present a defense by having the fingerprints on the murder weapon checked against the Automated Fingerprint Identification System (AFIS) or three named individuals; and
>
> 3.   Juror misconduct created a biased jury because three jurors withheld from the trial court and the parties that they had a relationship with the victim or the prosecutor, denying Petitioner a fair trial under the Sixth Amendment and due

---

[7]*Rucker v. Norris*, No. 5:99CV00025, Doc. No. 21, at 3 (E.D. Ark. 1999).

[8]*Rucker v. Norris*, No. 5:07CV00051-JWC, Doc. No. 22 at 3-4 (E.D. Ark. 2007).

process of law under the Fourteenth Amendment.[9]

On March 11, 2008, this Court dismissed Mr. Rucker's petition with prejudice because all of his claims had been procedurally defaulted.

On May 13, 2011, Mr. Rucker filed the instant Petition. (Doc. No. 2). He styled his case as a 42 U.S.C. § 1983 action, but after reviewing his claims the Court ordered the Clerk of Court to file Mr. Rucker's Complaint as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 . (Doc. No. 3 at 2.) On August 2, 2011, Mr. Rucker filed an Application to Proceed Without Prepayment of Fees and Affidavit. The Court granted Mr. Rucker's Application on August 16, 2011, and ordered him to show cause within thirty days as to why the instant Petition should not be dismissed as successive. On August 25, 2011, he filed a "Rebuttal" and explained that, pursuant to the Supreme Court's holdings in *Skinner v. Switzer*, 131 S.Ct. 1289 (2011), he had the right to file a 42 U.S.C. § 1983 complaint after exhausting his federal habeas remedies. (Doc. No. 11 at 1.)

**II.    DISCUSSION**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Title 28, United States Code, § 2244(b)(3) provides that petitioners who have previously filed federal habeas petitions must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). For purposes of this requirement, claims previously presented in earlier habeas petitions "shall be dismissed." 28 U.S.C. 2244(b)(1). Where the claims asserted in the second or successive habeas petition were not alleged in previous habeas petitions, the claims "shall

---

[9]*Rucker v. Norris*, No. 5:07CV00051-JWC, Doc. No. 22, at 4-5 (E.D. Ark. 2007).

be dismissed unless":

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. 2244(b)(2). Although such new claims have the potential to be abusive to the habeas process, a petitioner may obtain review of those claims if he or she establishes cause and prejudice. *Shaw v. Delo*, 971 F.2d 181, 184 (8th Cir. 1992); *see also Sawyer v. Whitley*, 505 U.S. 333, 338 (1992) ("Unless a habeas petitioner shows cause and prejudice, . . . a court may not reach the merits of . . . new claims, not previously raised, which constitute an *abuse of the writ*.").

### III. ANALYSIS

Mr. Rucker's Petition in this case is successive. A docket review indicates he raised the instant fingerprint-testing claim in his 2007 habeas petition.[10] And Mr. Rucker has not obtained the requisite permission from the United States Court of Appeals for the Eighth Circuit to file a successive habeas petition. He has also not explained how the instant claims differ from the claims in case number 5:07-cv-00051-JWC, as he was instructed to do. (Doc. No. 9 at p. 2.) Rather, Mr. Rucker continues to argue that this case is a 42 U.S.C. § 1983 action.[11]

---

[10] *Rucker v. Norris*, No. 5:07CV00051-JWC, Doc. No. 22, at 4-5 (E.D. Ark. 2007).

[11] In his Rebuttal (Doc. No. 11) to this Court's August 16, 2011, Order, Mr. Rucker argued that the Supreme Court's decision in *Skinner v. Switzer*, 131 S.Ct. 1289 (2011) allowed "a U.S.C. 42 sect. 1983 to be used after the Petitioner has exhausted remedy by filing Fed. Habeas Corpus proceedings." (Doc. No. 11 at 1.) The Court's holdings in *Skinner* are distinguishable from Mr. Rucker's position. In *Skinner*, the inmate filed only a § 1983 action; he did not previously raise his

Accordingly, after carefully reviewing the Petition, the Court rejects Mr. Rucker's argument and finds that this matter is a successive Petition for Writ of Habeas Corpus and should be dismissed. Additionally, the events and circumstances surrounding Mr. Rucker's fingerprint-testing claim all occurred in Clark County, Arkansas. So, if Mr. Rucker wishes to pursue a § 1983 action, proper jurisdiction and venue would be with the United States District Court for the Western District of Arkansas.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Rucker's Petition for Writ of Habeas Corpus (Doc. No. 2) should be DISMISSED with prejudice.

2. A certificate of appealability should be denied.

IT IS SO ORDERED this 26th day of January, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

§ 1983 claims in a federal habeas petition. As a result, the only issue before the Court was whether a state inmate "seeking DNA testing of crime-scene evidence [can] assert that claim in a civil rights action under 42 U.S.C. § 1983, or is such a claim cognizable in federal court only when asserted in a petition for a writ of habeas corpus under 28 U.S.C. § 2254." *Skinner*, 131 S.Ct. at 1293. Ultimately, the Court held that "a postconviction claim for DNA testing is properly pursued in a § 1983 action" and that "[s]uccess in the suit gains for the prisoner only access to the DNA evidence, which may prove exculpatory, inculpatory, or inconclusive." *Id.* *Skinner* is simply inapposite to the legal issues in this case, and it does not support Mr. Rucker's contention.